UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AVERY FOSTER,

    Plaintiff,       CASE NO. 04-CV-10325-BC

v.       DISTRICT JUDGE DAVID M. LAWSON
    MAGISTRATE JUDGE CHARLES BINDER

FEDERAL EXPRESS
CORPORATION,

    Defendant.

_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S REFILED MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
(Dkt. 10)

## I.   RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Refiled Motion to Dismiss for Failure to State a Claim be **GRANTED.**

## II.   REPORT

### A.   Introduction, Facts and Procedural History

Pending, pursuant to an Order of Reference from United States District Judge David Lawson, is the above-entitled motion. Plaintiff filed a response opposing the motion (Dkt. 15), and oral argument was heard on March 16, 2005.

Plaintiff originally filed suit in the Circuit Court for the County of Saginaw, alleging violation of Michigan's Bullard-Plawecki Employee Right to Know Act, MCL 423.501 *et seq*.

(Compl., Dkt. 1 at 1.)  While still before that court, Plaintiff apparently was granted leave to file an amended complaint.  (Dkt. 1.)  In this amended complaint, counsel alleges that Plaintiff, now a resident of Saginaw County, was an African-American employee of Defendant who began working for Defendant as a part-time courier in 1990 in Saginaw County.  Counsel alleges that Plaintiff was subsequently transferred to Georgia, thence to Nevada, and finally to Seattle, Washington, where his employment was terminated in November 2002.  Plaintiff alleges that impermissible considerations of race were factors in Plaintiff's discharge and that the "above listed adverse employment actions were taken in violation of the ELCRA [Elliott-Larsen Civil Rights Act] and Title VII."  (Am. Compl., ¶ 21.)  Count I of Plaintiff's amended state court complaint alleges violations of ELCRA and Title VII of the Civil Rights Act of 1964.  Count II alleges a breach of implied in fact contract.   Plaintiff's amended complaint was removed to this Court on November 22, 2004 (Dkt. 1), and the instant motion followed.[1]

### B. Arguments of the Parties

Defendant argues that none of the allegations in Plaintiff's amended complaint state claims upon which relief can be granted.  As to Plaintiff's Title VII claim, Defendant argues that Plaintiff has failed to plead the requisite exhaustion of administrative remedies.  In his response, Plaintiff argues that Defendant has effectively waived this defense by conceding its existence and viability in the averments contained in Defendant's notice of removal.

As to the ELCRA claim, Defendant argues that under Michigan conflicts of laws rules, Plaintiff's claim cannot be heard in Michigan as Defendant was discharged and replaced in the

---

[1] Defendant filed a motion to dismiss for failure to state a claim seven days after the case was removed to this Court.  (Dkt. 3.)  Plaintiff filed a motion to strike, arguing that Defendant's motion failed to comply with this Court's Local Rules.  (Dkt. 6.)  The motions were referred to this Magistrate Judge but ultimately denied as moot (Dkt. 13), as the parties stipulated to the withdrawal of the motion to dismiss in return for the filing of the instant motion.  (Dkt. 11.)

2

state of Washington, citing in support of these contentions *Ausel v. Unisys Corp.*, No. 96-2062, 1997 WL 720427 (E.D. Mich. Nov. 13, 1997) and *Macki v. Ford Motor Co.*, No. 85-1647, 1986 WL 17722 (6th Cir. Sept. 30, 1986). Plaintiff argues in response that Defendant misconstrues the appropriate Michigan conflicts of laws rules, citing *Sutherland v. Kennington Truck Servs., Ltd.*, 454 Mich. 274, 286, 562 N.W.2d 466 (1997). Plaintiff argues that because Defendant no longer lives in the state of Washington, that state has "no interest in having its law preempt the utilization of Michigan law to resolve this controversy." (Pl.'s Resp., Dkt. 15 at 9.)

As to the implied in fact contract claim contained in Count II of the amended complaint, Defendant argues that Michigan conflict of laws rules require the application of Washington law to this claim, and that under Washington law, Plaintiff's reference to unidentified "personnel policy work rules and job descriptions" is an insufficient basis upon which to form a promise of just cause dismissal under Washington law. Defendant cites *Podlaha v. Management Recruiters Int'l, Inc.*, 171 Mich. App. 1, 3-4, 429 N.W.2d 622 (1988) as support for these assertions. In response, Plaintiff again argues that Michigan law controls, and that the *Toussaint* rule[2] would render this claim sufficient under Michigan law. In the alternative, Plaintiff argues that implied in fact breaches of employment contract claims are recognized in Washington.

**C.     Law and Analysis**

**1.     Motion Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993).

---

[2]*Toussaint v. Blue Cross and Blue Shield of Mich.*, 408 Mich. 579, 292 N.W.2d 880 (1980).

3

"In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)).  Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

## 2. Effect of Removal

Citing *Williams v. Michigan*, 52 Fed. Appx. 723, 724 (C.A.6 (Mich.) 2002), Defendant argues that Plaintiff's amended complaint is fatally defective as it fails to allege or otherwise show that Plaintiff has exhausted the administrative remedies set forth in Title VII of the Civil Rights Act of 1964.  Plaintiff contends that Defendant has waived this argument.  In support of this contention, Plaintiff cites statements made in Defendant's response to this Court's standing order regarding removal.  (Dkts. 1 & 5.)  More specifically, Plaintiff claims that Defendant's statement that "Plaintiff asserts claims under the laws of the United States . . . Title VII of the Civil Rights Act of 1964 (Notice of Removal, Dkt. 1 at 2), and Defendant's statement that "the right to sue in this case is derived from Title VII . . .." (Dkt. 5 at 2) are effectively Defendant's concession that Plaintiff possesses the requisite jurisdiction to bring forward his case in this Court.

At three different points in Plaintiff's amended complaint, Plaintiff alleges that Defendant is guilty of discrimination as defined by Title VII and that Plaintiff's claims are based at least in part upon those provisions.  (Am. Compl., Dkt. 1, Attach. at ¶¶ 5, 8 & 21.)  No other federal statutes are cited in Plaintiff's amended complaint.  Nowhere in Plaintiff's amended complaint is

it alleged that Plaintiff has initiated or completed the administrative procedures set forth in Title VII. Nowhere does Plaintiff allege that he has received a right to sue letter from the EEOC, and no such letter or any other administrative process is attached to Plaintiff's amended complaint. As correctly pointed out by Defendant, it is axiomatic in this circuit that an individual may not file suit under Title VII if he or she does not possess a right to sue letter from the EEOC. *Williams*, *supra*; *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989); *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998); *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999).

Plaintiff's arguments, I suggest, elevate form over substance. In its substantive pleadings, Defendant has consistently maintained its position that Plaintiff's amended complaint fails to meet the jurisdictional requirements of Title VII. Pursuant to the Federal Rules of Civil Procedure, Defendant elected to file a motion pursuant to Rule 12(b)(6) in place of an answer. The first argument raised by Defendant in its motion is that of lack of jurisdiction. The first contention presented during oral argument was Plaintiff's failure to plead Title VII's jurisdictional prerequisites. *Capruso v. Hartford Financial Servs. Group, Inc.*, No. 01-4250, 2003WL 1872653 (S.D.N.Y April 10, 2003) is analogous and instructive. There, as in this case, Plaintiff argued that by removing the case from state to federal court and litigating that case for a year, Defendant had effectively waived any argument that Plaintiff had failed to exhaust required administrative remedies. The court found the argument "without merit," noting, as in this case, that Defendant had consistently raised the issue of exhaustion both in its answer and in a subsequent motion for summary judgment.

I further suggest that the cases cited by Plaintiff in support of its view are distinguishable. In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982),

5

Plaintiff was proceeding *pro se* when the case was initiated. Here, as also pointed out in *Capruso*, Plaintiff has been represented by counsel at every stage of these proceedings.

In the *Rivers v. Barberton* case, Plaintiff correctly points out that the Sixth Circuit held that the possession of a right-to-sue letter was "a condition precedent and not a jurisdictional requirement," *Rivers*, 143 F.2d at 1042. However, at issue in *Rivers* was whether the district court's grant of summary judgment in favor of defendant was, in the circumstances of that case, res judicata. That issue is not present in this case. Further distinguishing *Rivers*, the Sixth Circuit pointed out that the district judge "granted summary judgment, not for want of a right-to-sue letter, but because *Rivers* failed to plead age discrimination under the [ADEA]" . . . . *Id*. at 1030.

*Wright v. State of Tennessee*, 628 F.2d 949 (6th Cir. 1980), involved en banc consideration of an ADEA claim. There, the court held that the 180-day notice requirement set forth in the ADEA was not jurisdictional and that "equitable modification for failing to file within the time period will be available to plaintiffs under this Act[.]" *Id*. at 953. I suggest that, as with the Plaintiff's other cases, *Wright* is distinguishable on two grounds. First, Title VII itself was never considered by the court. Secondly, in contrast to this case, no issues relating to the effect of removal were considered by the court. I therefore suggest that although Plaintiff is correct that the pleading of the existence of a right-to-sue letter is a condition precedent subject to equitable modification and not a jurisdictional requirement, I find no basis on this record to conclude that by removing the case, defendant waived any right to raise this condition precedent. As mentioned, Defendant has at every opportunity raised this argument as justification for the dismissal of the case. The statements cited by Plaintiff, I suggest, are not concessions on this issue, but rather, merely summary descriptions of Plaintiff's causes of action, which are required by the removal statute and this Court's standing order on removal. These statements do not, I suggest, trump the

arguments consistently presented in Defendant's subsequent substantive pleadings. I therefore suggest that because Plaintiff has failed to meet the conditions precedent for the filing of a Title VII case in this Court, and because I can find no basis for the application of equitable principles to allow that claim to be preserved in this Court, Defendant's motion should be granted, the case dismissed in this Court, and remanded to the state courts for further proceedings.

### 3.  State Law Claims

When, as in this case, a plaintiff's federal claims have been dismissed for want of jurisdiction, all other state-law claims must be dismissed. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). Because I suggest dismissal of the federal claims, I further suggest that this Court not entertain the remaining state law claims of ELCRA violation and breach of implied in fact contract contained in Plaintiff's Amended Complaint. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.")

## III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*,

7

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                        s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: August 15, 2005                  United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Manda L. Anagnost, Russell C. Babcock, Victor J. Mastromarco, Jr., and Richard S. McConnell, and served in the traditional manner on Carolyn P. Cary and Honorable David M. Lawson.

Dated:  August 15, 2005                           By     s/Mary E. Dobbick
                                                               Secretary to Magistrate Judge Binder