UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AVERY FOSTER,

        Plaintiff,

                                                  Case Number 04-10325-BC

v.                                                Honorable David M. Lawson

FEDERAL EXPRESS CORPORATION,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, AND DENYING JOINT MOTION TO AMEND CASE MANAGEMENT AND SCHEDULING ORDER**

The matter is before the Court on objections filed by both parties to a report and recommendation issued by Magistrate Judge Charles E. Binder on an order referring the defendant's motion to dismiss under 28 U.S.C. § 636(b)(1)(B). The plaintiff filed a wrongful termination case in state court. The defendant removed the matter to this Court alleging both federal question and diversity jurisdiction. It then moved to dismiss contending that the plaintiff's federal claim based on Title VII of the Civil Rights Act of 1964 was not ready for court adjudication because the plaintiff failed to exhaust administrative remedies, and the remaining state law claims should be decided under the laws of the State of Washington. The magistrate judge recommended that the Title VII claim be dismissed and the remaining claims be either dismissed or remanded to state court. Both parties filed timely objections.

I.

The plaintiff was hired by the defendant on or about September 23, 1990 as a part-time courier. He worked at Federal Express' location in Saginaw, Michigan. At some point, the plaintiff was transferred to Georgia, then to Las Vegas, and finally to Seattle, Washington. The dates of these transfers are not provided in the complaint. The plaintiff alleges that he was terminated on November 21, 2002 while working in Seattle. He was told he was being terminated for making unauthorized stops with the defendant's truck, specifically, stopping at a convenience store for a snack. However, the plaintiff alleges the reason given for his termination is a pretext and that he was actually terminated due to his race, which is African American. He contends that the defendant expressly allowed employees to make short stops along their routes for personal reasons, and Caucasian employees made similar personal stops and were not disciplined. The plaintiff apparently was replaced by a Caucasian employee.

The plaintiff returned to Michigan and filed an action in the Saginaw County, Michigan circuit court alleging that the defendant's actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.201 *et seq*. The plaintiff also alleges his termination breached an implied contract. The complaint refers to contract "documentation" – presumably an employee handbook, although the complaint does not make this clear – that promised that he only could be fired for good cause after progressive disciplinary steps. The plaintiff states he had an exemplary work record and the defendant violated an implied contract.

The defendant has not yet filed an answer to the complaint, which has been amended. On January 27, 2005, the defendant filed a motion to dismiss for failure to state a claim upon which

relief can be granted. The motion was referred to the magistrate judge for report and recommendation on February 2, 2005 pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued his report over eight months later, and the parties thereafter filed timely objections.

II.

Part of Count I of the amended complaint states that the plaintiff's termination amounted to unlawful discrimination in violation of Title VII. The defendant states the Title VII claim must be dismissed because the plaintiff has not filed a complaint with the EEOC or received a right-to-sue letter, as required by the statute. The plaintiff admits that a right-to-sue letter is required prior to filing suit in court and that he failed to obtain one; however the plaintiff claims this requirement can be waived by the defendant, citing *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982); *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998); and *Wright v. State of Tenn.*, 628 F.2d 949, 953 (6th Cir. 1980). The plaintiff argues that the defendant waived its exhaustion defense in its removal papers when it relied on the Title VII claim as a basis for federal jurisdiction.

The magistrate judge rejected that argument and recommended that the Title VII claim be dismissed for failure to exhaust administrative remedies. A plaintiff may not file a Title VII claim without a right-to-sue letter. *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481 (6th Cir. 2002). The plaintiff did not object specifically to that part of the recommendation. General objections to a magistrate judge's report and recommendation do not preserve all issues for review. "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The plaintiff did not challenge the recommended dismissal of the Title VII

claim nor did he attempt to incorporate his motion arguments into his objections. The argument is waived, *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987), and the Court agrees that the Title VII claim should be dismissed for failure to exhaust administrative remedies.

The magistrate judge further recommended that the Court dismiss or remand the remaining state law claims and decline to exercise supplemental jurisdiction. There is authority permitting the Court to follow that course when the federal claims in a matter have been dismissed. *See* 28 U.S.C. § 1367(c). However, section 1367(c) speaks to the district court's discretion to exercise (or not) *supplemental* jurisdiction over pendent state claims. *See Weeks v. Portage County Executive Offices*, 235 F.3d 275, 280 (6th Cir. 2000) (observing that section 1367(c) "permit[s] the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction"). In this case, the defendant removed the action on the basis of diversity jurisdiction in addition to federal question jurisdiction. Therefore, the Court need not resort to supplemental jurisdiction conferred by section 1367(a) in order to address the state law claims when there is an independent ground for federal jurisdiction under 28 U.S.C. § 1332. Moreover, the Court may not remand the state law claims after the federal claim is dismissed because it has an obligation to exercise jurisdiction independently invoked by the defendant on the basis of diversity of citizenship. *Cf. Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (observing that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them").

The defendant argues that the state law claims based on Michigan law must be dismissed because the termination occurred in Washington and the choice-of-law rules require application of Washington law. The defendant asserts that Michigan conflict-of-laws rules require the application of the law of the state where the harmful effects of the termination were felt, citing *Cottong v. Burroughs, Corp.*, 1987 U.S. Dist. LEXIS 15477, 15478 (citing *Severine v. Ford Aerospace & Comm. Corp.*, 118 Mich. App. 769 (1982)).  The magistrate judge did not address this argument.

In diversity cases, a federal court must apply the substantive law of the forum state in which it sits. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938).  This prescription includes the forum state's choice-of-law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) ("The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts. . . . It is not for the federal courts to thwart such local policies by enforcing an independent 'general law' of conflict of laws."); *Mill's Pride, Inc. v. Cont'l Ins. Co.*, 300 F.3d 701, 704 (6th Cir. 2002).  Michigan's choice-of-law rules, therefore, must be used to resolve this dispute.

Michigan's conflict-of-laws rules for tort cases have undergone a transformation in recent years, and the authority the defendant cites is no longer good law.  Although Michigan, like several other States, formerly followed the rule of *lex loci delicti*, meaning that the locus of the tortious act determined the rules of decision for the case, the State supreme court made clear in *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 562 N.W.2d 466 (1997), that it no longer follows the traditional rule.  Rather, it utilizes a modified law-of-the-forum, or *lex fori*, approach, described as follows:

> [W]e will apply Michigan law unless a "rational reason" to do so otherwise exists. In determining whether a rational reason to displace Michigan law exists, we

>     undertake a two-step analysis. First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests.

*Id.* at 286, 562 N.W.2d at 471.

In this case, the defendant has not suggested that the State of Washington has an overriding interest in having its law apply in this case. It appears that the plaintiff originally was hired in Michigan, and the defendant has national operations, including on-going operations in Michigan. The legislatures of both Michigan and Washington have enacted legislation prohibiting racial discrimination in employment. *See* Mich. Comp. Laws § 37.2202(1)(a); Rev. Code Wash. §§ 49.60.010, 49.60.030. The Court sees no reason not to apply Michigan law to the plaintiff's employment tort claim.

The conflict rules pertaining to the implied contract claim likely favor the application of Michigan law as well. In *Meridian Leasing, Inc. v. Associated Aviation Underwriters, Inc*., 297 F. Supp. 2d 972, 977-78 (W.D. Mich. 2004), the district court observed that "in the context of a contract dispute, Michigan choice of law rules require courts to examine the factors articulated in sections 187 and 188 the Second Restatement [of Conflicts]" (citing *Chrysler Corp. v. Skyline Indus. Servs, Inc*., 448 Mich. 113, 122-25 (Mich. 1995)). Section 187 has no application here because it deals with choice-of-law provisions in contracts, which is absent in this case. The relevant factors under section 188 include "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." Restatement (Second) Conflict of Laws § 188. Although the termination in this case occurred in

Washington, it appears from the scant facts furnished by the defendant as moving party and those gleaned by the Court from the amended complaint that the parties' relationship began in Michigan. It is reasonable to infer, therefore, that the employment contract was formed in Michigan. The defendant is a national corporation and the plaintiff was domiciled in Michigan when suit was filed. Although the plaintiff worked for the defendant in several different states since the beginning of his employment, application of Michigan law to this dispute is consistent with Michigan's contract choice-of-law rules.

### III.

The Court agrees with the magistrate judge that the plaintiff's Title VII claim must be dismissed. However, the defendant has not demonstrated that it is entitled to dismissal of the remaining claims under Federal Rule of Civil Procedure 12(b)(6). *See Buchanan v. Apfel,* 249 F.3d 485, 488 (6th Cir. 2001) (holding that a motion under Rule 12(b)(6) may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Accordingly, it is **ORDERED** that the report and recommendation of the magistrate judge is **REJECTED IN PART AND ADOPTED IN PART**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt # 10] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the portion of Count I of the amended complaint alleging a claim under Title VII of the Civil Rights Act of 1964 is **DISMISSED**.

It is further **ORDERED** that the defendant shall answer the amended complaint on or before **December 21, 2005**.

It is further **ORDERED** that the joint motion to amend the case management and scheduling order [dkt # 29] is **DENIED**, and counsel shall attend the status conference currently scheduled for **3:30 p.m. on December 22, 2005**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 12, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 12, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

---